UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGE L. GORNEFF,<br><br>               Plaintiff,<br><br>-against-<br><br>RUSLAN ILISHAYEV; SAMIRA ASSIL; DAVID EISENBERGER; JEFFREY CASIO,<br><br>               Defendants. | 23-CV-9141 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated his rights. Named as Defendants are Metropolitan Commercial Bank Vice Presidents Ruslan Ilishayev, Samira Assil, David Eisenberger, and Jeffrey Casio. Plaintiff provides the same New York, New York work address for all Defendants. By order dated October 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action, but grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint alleging facts demonstrating that Court has diversity of citizenship jurisdiction of his claims.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Charles Town, West Virginia, brings his claims using the Court's general complaint form. He sues four vice presidents of Metropolitan Commercial Bank, which is located in Manhattan. Plaintiff does not indicate whether he is bringing his claims under the Court's federal question jurisdiction or diversity of citizenship jurisdiction. However, in response to the question on the complaint form asking which of his federal constitutional or federal statutory rights have been violated, he writes, "U.S. Code 18, fraud, false advertising,

conspiracy, white collar criminal activity, organized crime. 18 U.S.C. § 371, chapter 96, sections 157, 659, 891, 892, 893, 894, 1028, 1029, 1343, 1351, 1503, 1510, 1832, 1954." (ECF 1, at 2.)[1]

Plaintiff states that the events giving rise to his claims occurred on September 1, 2023. He alleges,

> I deposit my money to Metropolitan Commercial Bank (CRYPTO.COM) in NYC. After this money has been transferred to CRYPTO.COM and Defi CRYPTO.COM. My funds has been send to pledging without . . . my authorization. Pledging in Ponzi scheme in ETH finance option. I can't withdraw my money (funds) back to me. Customer service of MCB and Sec.gov not working in this case. I need my funds back. Hard copies of transactions from my personal banks to MCB (CRYPTO.COM) can be enclosed at request.

(*Id.* at 5.)

In a letter attached to the complaint, Plaintiff further alleges he "opened a defi 3732 wallet Crypto.com account with the amount of 24,137 USDT." (*Id.* at 8.) His business partner "sent 38,000 USDT to this account which increased the principal of the account to 62,137 USDT." (*Id.*) On December 13, 2022, this amount was "transferred to pledging without [Plaintiff's] authorization and was blocked because the account did not meet the requirement of pledging, which is having 100,000 in my account." (*Id.*) He alleges that an "unauthorized transfer" had occurred. (*Id.*) Plaintiff does not currently have access to his account. Because he "was not informed of the pledging requirement in advance," he believes that "this activity is illegal and can be classified as fraud." (*Id.*) Plaintiff also states that "according to the Patriot Act," he feels it is his "responsibility" to notify the court of this activity. (*Id.*) He again invokes provisions of federal criminal law.

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

3

In response to the question on the complaint form asking him to describe his injuries, Plaintiff states, "Heart and stomach problems, almost disability with basic conditions (headache and legs)." (*Id.* at 6.)

Plaintiff seeks $62,137 in damages.

## DISCUSSION

### A.    Federal Claims

Plaintiff attempts to assert numerous claims under the federal criminal code, including claims for conspiracy to defraud the United States under 18 U.S.C. § 371; bankruptcy fraud under 18 U.S.C. § 157; "[m]aking extortionate extensions of credit" under 18 U.S.C. § 892; and influencing or injuring a federal court officer or juror under 18 U.S.C. § 1503. (*See* ECF 1, at 2, 8.) However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the Plaintiff's claims under the federal criminal code for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.    State Law Claims

Plaintiff's allegations suggest that he may be attempting to assert state law claims. The Court may only consider Plaintiff's state law claims if it exercises supplemental jurisdiction of such claims or if Plaintiff alleges facts demonstrating that the Court has diversity of citizenship jurisdiction of his state law claims. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

Plaintiff may seek to bring his state law claims under the Court's diversity of citizenship jurisdiction, but the complaint does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of his law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State in which he or she is domiciled, which is defined as the place where the individual " has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). Here, Plaintiff alleges that he is a resident of West Virginia. He provides the same New York, New York work address for all Defendants, but he does not state where each defendant resides. Because Plaintiff does not provide home addresses for Defendants, the Court is unable to determine whether the parties are diverse.

To demonstrate diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff seeks to recover $67,137, an amount that is below the jurisdictional minimum. Because Plaintiff does not allege that his claim satisfies the jurisdictional amount, the Court lacks diversity of citizenship jurisdiction of any state law claims he may be asserting.

The Court grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint that alleges facts demonstrating that the Court has diversity of citizenship jurisdiction of his state law claims. If Plaintiff does not file an amended complaint, the Court will decline to exercise supplemental jurisdiction of any state law claims he may be asserting. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims. If Plaintiff fails to comply within the time allowed, the Court will enter judgment dismissing the case for failure to state a claim upon which relief may be granted and the Court will decline to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Clerk of Court is instructed to keep this action open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge