UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGE L. GORNEFF,

                        Plaintiff,

            -against-                                  23-CV-9141 (LTS)

RUSLAN ILISHAYEV; SAMIRA ASSIL;                        ORDER OF DISMISSAL
DAVID EISENBERGER; JEFFREY CASIO,

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 2, 2024, the Court dismissed the complaint but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. (ECF 5.) On February 8, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit of the Court's January 1, 2024 order. (ECF 6.) Plaintiff's notice of appeal was entered on the docket and transmitted to the Court of of Appeals on February 21, 2024.[1] For the reasons set forth below, the Court dismisses this action and directs the Clerk of Court to enter judgment.

## DISCUSSION

**A.    Interlocutory Appeal Does Not Divest the Court of Jurisdiction**

The Court retains jurisdiction to consider and dismiss Plaintiff's complaint, notwithstanding the pending interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests

---

[1] Before Plaintiff's notice of appeal was entered on the docket, the Court determined that its prior order may have been transmitted to the wrong email address, and, therefore, by order dated February 15, 2024, directed the Clerk of Court to correct Plaintiff's email address on the docket and retransmit the order, and granted Plaintiff an additional 30 days to file an amended complaint. (ECF 7.)

the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff appeals from this Court's order granting him leave to amend. Such an order is not a final order. *See, e.g.*, *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that "[a] dismissal with leave to amend is a non-final order and not appealable."). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros.*, Inc., No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). Accordingly, this Court retains jurisdiction of this action.

**B.      Order of Dismissal**

In the Court's January 2, 2024 order, the Court granted Plaintiff 30 days' leave to file an amended complaint, specifying that if he did not file an amended pleading, the action would be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In its February

2

15, 2024 order, the Court granted Plaintiff an additional 30 days to file an amended complaint. Plaintiff has not filed an amended complaint within the time allowed. Therefore, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    July 17, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3